27364, 27365. WALKER *et al. v.* McCALLUM; and *vice versa.*

DECIDED APRIL 11, 1939.

*Martin, Martin & Snow,* for Walker *et al.*

*Thomas A. Jacobs Jr., J. J. Gaulier,* for McCallum.

GUERRY, J. McCallum sued Walker and others for the alleged tortious death of his minor child, upon whom he alleged he was dependent and who contributed to his support. The jury returned a verdict in favor of the plaintiff for $2500. The plaintiff filed a motion for new trial, which the court granted. There were twenty-six grounds of the motion. The judge in his order granting a new trial stated that he granted it because he had erroneously excluded certain evidence offered by the plaintiff. The defendants did not file a motion for new trial. They excepted to the order granting the new trial on the motion of the plaintiff. This is the first grant of a new trial. The defendants except to this ruling, and say in the outset of their brief: "The contention is raised by this bill of exceptions that McCallum failed to show dependency upon his deceased son, and therefore a verdict was demanded in favor of the defendants." We may well inquire, if this contention be true, why should the defendants, now plaintiffs in error, make complaint because the court has granted a new trial? This court could do no more.

The Code, § 6-1608, declares: "The first grant of a new trial shall not be disturbed by the appellate court, unless the plaintiff

in error shall show that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." Plaintiffs in error do not contend that the verdict of $2500 was the only verdict that could have been rendered; on the contrary they allege now, although they made no motion for new trial, that a verdict for the defendants was demanded. Judge Cobb, in *Weinkle* v. *Brunswick & Western R. Co.*, 107 *Ga.* 367 (33 S. E. 471), said: "It may be now considered as settled that this court will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be general upon all grounds of the motion or special upon one or more grounds only, or whether it be upon a ground which involves questions of evidence or upon a ground which involves purely questions of law; unless it is made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case. Unless the case can be brought within the exception just stated, it is useless for parties to bring before this court the judgment of a trial judge granting a first new trial." The plaintiffs in error do not contend that the verdict rendered was the only verdict which could have been rendered. On the contrary, they contend that a verdict in their favor was demanded. This is in consonance with repeated rulings of this court and the Supreme Court. Such being the case, the judgment of the trial court will be affirmed. The cross-bill of exceptions, which assigns error because the judge did not pass in detail on all the grounds of the motion for new trial, will not be considered by this court where a new trial was granted.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Broyles, C. J., and MacIntyre, J., concur.*